**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KREAMER FEED, INC.,

        Petitioner,

    v.

SURESOURCE COMMODITIES,
LLC,

        Respondent.

No. 4:25-CV-01054

(Chief Judge Brann)

**MEMORANDUM OPINION**

**APRIL 24, 2026**

## I.    INTRODUCTION

Petitioner Kreamer Feed, Inc. ("Petitioner") filed a petition on November 20, 2025, seeking to confirm an arbitration award issued to them against Respondent SureSource Commodities, Inc. ("Respondent").[1] Respondent filed a motion to stay the proceedings here, pending the resolution of another proceeding addressing the same issue in Virginia.[2] The motion is now fully briefed and ripe for disposition. For the reasons stated below, it is denied.

---

[1]    Doc. 1 (Pet.).
[2]    Doc. 6 (Mot.).

## II.    DISCUSSION

### A.    Background

Petitioner is a feed mill located in Kreamer, Snyder County, Pennsylvania, while Respondent is a grain dealer located in Petrolia, Ontario, Canada.[3] Petitioner and Respondent entered into a Grain Purchase Contract that provided that "[t]he sole remedy for resolution of any and all disagreements or disputes arising under this contract shall be through arbitration proceedings before the NGFA under NGFA's Arbitration Rules."[4] When the deal went awry, parties submitted their dispute for resolution before National Grain and Feed Association ("NGFA") arbitrators in Arlington, Virginia in March 2022.[5] In October 2023, the arbitrator panel unanimously awarded $2,110,735.40 to Petitioner; this award was affirmed and increased to $3,821,925.34 by the NGFA Arbitration Appeals Committee on August 6, 2025.[6]

On August 29, 2025, Respondent filed a complaint and application to vacate the arbitration award in the Circuit Court of Arlington County, Virginia ("the Virginia court" and "the Virginia Action").[7] On November 20, 2025, Petitioner filed

---

[3]    Doc. 6-2 (Arbitration Complaint).
[4]    Doc. 1-1 (Grain Purchase Contract) at 13.
[5]    Doc. 6-2 (NGFA Arbitration Complaint).
[6]    Doc. 1-1 at 6, 11-12.
[7]    Doc. 1-1 at 15 (the Virginia Action Complaint).

a petition to confirm the arbitration award in this Court.[8] Petitioner moved to dismiss the Virginia Action for lack of personal jurisdiction and improper forum; the Virginia court held argument and, on January 16, 2026, denied Petitioner's motion to dismiss.[9] Respondent filed the instant motion to stay on January 22, 2026.[10] Petitioner then filed a demurrer in the Virginia Action on February 6, 2026.[11]

### B. Legal Standard

Respondent argues that a stay is warranted pursuant to the abstention doctrine laid out in *Colorado River Water Conservation Dist. v. United States*[12] and, additionally, using the court's discretion as deemed permissible in *Landis v. North American Co.*[13]

Starting first with *Landis*, District Courts have the power to stay proceedings incidental to the "'power inherent in every court to control the disposition of the causes on its docket.'"[14] "When determining whether to grant or deny a motion to stay, a district court must exercise judgment by weigh[ing] competing interests and maintain[ing] an even balance," requiring the petitioner to demonstrate a "clear case

---

[8]   Doc. 1.
[9]   Doc. 6-4 (Circuit Court Ord.)
[10]  Doc. 6.
[11]  Doc. 15 at 11; Doc. 16 at 7.
[12]  424 U.S. 800 (1976); Doc. 7 at 5-6.
[13]  299 U.S. 248 (1936); Doc. 7 at 5-6.
[14]  *Tyler v. Diamond State Port Corp.*, 816 F. App'x 729, 731 (3d Cir. 2020) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

of hardship or inequity" when there is even a "fair possibility" that the stay would work damage on another party.[15]

Turning to *Colorado River* abstention, generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."[16] However, in *Colorado River* the Supreme Court of the United States provided that there are certain, extremely limited circumstances where a federal court may defer to pending state court proceedings based on "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."[17] Colorado River abstention is proper only in "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."[18] Therefore, this form of abstention is "rare" because "the pendency of proceedings in state court does not normally bar litigation in federal court of the same issues."[19]

Accordingly, "a federal court may abstain from its otherwise 'virtually unflagging obligation' to assert jurisdiction over a case because (1) there is a parallel

---

[15]   *Tyler*, 816 F. App'x at 731 (quoting *Landis*, 299 U.S. at 255 and *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983)) (internal quotation marks omitted).

[16]   *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)) (internal quotations marks omitted).

[17]   *Id.*

[18]   *Id.* at 813 (quoting *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)) (internal quotations marks omitted).

[19]   *Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78, 84 (3d Cir. 2011).

case in state court, and (2) after 'careful[ly] balancing' a series of factors 'heavily weighted in favor of the exercise of jurisdiction,' maintaining the federal case would be a waste of judicial resources."[20]

"Two proceedings generally are considered parallel when they 'involve the same parties and substantially identical claims, raising nearly identical allegations and issues,' . . . and when plaintiffs in each forum seek the same remedies."[21] "[P]roceedings typically are not considered parallel under our jurisprudence when they involve different parties, raise different issues, and contemplate different remedies."[22]

"If a court finds the proceedings to be parallel, it then carefully balances a host of factors to determine if abstention is warranted, bearing in mind that it should place a thumb on the scales in favor of granting jurisdiction."[23]  Those factors are: "'(1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or

---

[20]  *Golden Gate Nat. Sr. Care, LLC v. Minich ex rel. Estate of Shaffer*, 629 F. App'x 348, 349-50 (3d Cir. 2015) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13-16, 19 (1983)).

[21]  *Golden Gate*, 629 F. App'x at 350 (quoting *Yang v. Tsui*, 416 F.3d 199, 204 n.5 (3d Cir. 2005) and *Harris v. Pernsley*, 755 F.2d 338, 346 (3d Cir. 1985)).

[22]  *Golden Gate*, 629 F. App'x at 350.

[23]  *Id.* at 350.

state law controls; and (6) whether the state court will adequately protect the interests of the parties.'"[24]

### C.   Analysis

#### 1.   *Colorado River* Abstention

Respondent submits that the Court should enter a stay in this case under *Colorado River*, arguing first that the Virginia Action and the instant case are parallel matters and, second, that the *Colorado River* factors weigh in favor of abstention.[25] Petitioner responds to the contrary on both assertions, arguing the matters are not parallel and the factors do not weigh in favor of abstention.[26] I analyze first whether the matters are indeed parallel, then turn to the *Colorado River* factors.

First, the Virginia Action is parallel to the instant matter. Petitioner does not dispute that the parties are identical, arguing only that the "claims and the requested relief" are not the same.[27] The main thrust of Petitioner's argument is that, in the Virginia Action, Respondent is seeking to vacate the arbitration award while, here, Petitioner is seeking to confirm the arbitration award.[28] While "deference may not

---

[24]   *Id.* (quoting *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 308 (3d Cir. 2009)).
[25]   Doc. 7 at 7, 10-13.
[26]   Doc. 15 at 10.
[27]   Doc. 15 at 10.
[28]   Doc. 15 at 10.

be appropriate" where "claims, parties, or requested relief differ,"[29] that situation is not present here. The requested relief in the Virginia Action, vacatur, and that in the instant case, affirmance, are merely two sides of the same coin. There are only two parties involved in each action, Respondent and Petitioner, the actions involve the same underlying arbitration, the same provisions of the FAA, and they seek essentially the same thing: to decide whether the arbitration award should stand. These claims are "substantially identical," raising "nearly identical allegations and issues."[30] Accordingly, I find the actions are parallel, and now address each of the *Colorado River* factors.

### a.      Factors One and Two

The first factor is neutral. This is not an *in rem* case and there is no property at issue, so this factor is inapplicable.[31] Next, the second factor weighs in favor of jurisdiction. Petitioner argues that the Virginia Action is itself inconvenient,[32] and

---

[29]   *Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980). Petitioner also cites to *Kendall v. Lancaster Exploration & Dev. Co., LLC* for the contention that actions are not parallel where relief requested differs between cases. Doc. 15 at 9-10; 323 F. Supp. 3d 664, 679 (M.D. Pa. 2018) (Brann, J.). However, even the action in *Kendall* was ultimately found to be parallel. *Kendall*, 323 F. Supp. 3d at 679. Petitioner has provided no cases analogous to the situation before the Court today, where both parties request identical but obviously opposite relief, such as vacatur and affirmance.

[30]   *Yang*, 416 F.3d at 204 n.5; *cf Harris v. Pernsley*, 755 F.2d 338, 346 (3d Cir. 1985) (finding actions were not parallel where only one action sought monetary damages).

[31]   *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 308 (3d Cir. 2009).

[32]   Doc. 15 at 11.

Respondent makes no argument to the contrary;[33] therefore, Respondent has waived argument for this factor.

Regardless, the federal forum here is convenient for all parties. All attorneys are based in Harrisburg. Snyder County is within this vicinage of this Court, located about 45 miles from Williamsport and about 164 miles from the Arlington Circuit Court. As courts have noted, geographic location does not weigh heavily in either direction, as the "bulk of the litigation will be conducted via electronic filing and mail service on the parties,"[34] but the federal forum is not inconvenient for either party. The second factor therefore does not weigh in favor of abstention, instead weighing in favor of jurisdiction.

### b.    Factor Three

The third factor is the desirability of avoiding piecemeal litigation.[35] This factor is "an inquiry into whether avoiding piecemeal litigation is a priority contemplated by the statute, regulation, or other authority at issue."[36] "The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which

---

[33]    Doc. 16 at 6-8.
[34]    *Golden Gate*, 629 F. App'x at 351.
[35]    *Golden Gate*, 629 F. App'x at 350.
[36]    *Nationwide*, 571 F.3d 299, 308 (3d Cir. 2009).

point that judgment may create a res judicata or collateral estoppel effect on the other action."[37]

Accordingly, the United States Court of Appeals for the Third Circuit has recognized that "the 'avoidance of piecemeal litigation' factor is met . . . only when there is evidence of a strong federal policy that all claims should be tried in the state courts."[38] "While there is generally an interest in avoiding the inefficiencies of piecemeal litigation, [the Third Circuit] ha[s] determined that, if such litigation is necessary to advance a party's arbitration rights under the FAA, it should proceed 'irrespective of any concomitant decline in judicial efficiency.'"[39]

Here, the third factor weighs in favor of jurisdiction. While allowing both suits to proceed essentially condones duplicative litigation in both forums, this is not the kind of piecemeal litigation contemplated in the *Colorado River* factors. If the mere possibility of piecemeal litigation warranted abstention, "it [would be] difficult to conceive of any parallel state litigation that would not satisfy the piecemeal

---

[37] *Wells Fargo Home Mortg. Inc. v. Sec. Title Guar. Corp. of Balt.*, 337 F. Supp. 2d 680, 682 (E.D. Pa. 2004) (citing *Univ. of Md. v. Peat Marwick Main & Co.*, 923 F.2d 265, 275-76 (3d Cir. 1991)).

[38] *Arsenis v. M&T Bank*, No. 24-1151, 2025 WL 88838, at *3 (3d Cir. Jan. 14, 2025) (quoting *Ryan v. Johnson*, 115 F.3d 193, 197-98 (3d Cir. 1997)).

[39] *Golden Gate*, 629 F. App'x at 351 (quoting *Nationwide*, 571 F.3d at 308-09); *see also id.* ("'[T]he Supreme Court has stated that piecemeal litigation is generally appropriate to enforce arbitration rights under the FAA, 'even where the result would be the possibly inefficient maintenance of separate proceedings in different forums.'") (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985)).

adjudication factor and militate in favor of Colorado River abstention."[40] Respondent has presented no "evidence of a strong federal policy that [arbitration] claims should be tried in the state courts,"[41] instead pointing only to the dual-track nature of the litigation.[42] This is insufficient to show a strong congressional policy in favor of state court resolution.[43] To the contrary, the FAA seemingly embraces federal resolution of claims even when it results in piecemeal litigation.[44]

Moreover, as the Supreme Court of the United States clarified in *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, the question at issue in this case is "*which court* [will] decide[] the question of arbitrability."[45] "Hence, a decision to allow that issue to be decided in federal rather than state court does not cause piecemeal resolution of the parties' underlying disputes."[46] Given that "*Colorado River* abstention must be grounded on more than just the interest in avoiding

---

[40] *Ryan*, 115 F.3d at 198 (noting that the Third Circuit has never held that "the mere possibility of piecemeal litigation justifies *Colorado River* abstention; rather, there must be a strongly articulated *congressional policy* against piecemeal litigation in the specific context of the case under review.").

[41] *Arsenis v. M&T Bank*, 2025 WL 88838, at *3 (quoting *Ryan*, 115 F.3d at 197-98); *cf Swatt v. Hawbaker*, 21-CV-01025, 2022 WL 445334, at *9 (finding a congressional policy against federal intervention into probate matters weighed mildly in favor of abstention) (Brann, J.).

[42] Doc. 7 at 11.

[43] *Farina v. Bank of N.Y.*, No. 15-3679, 2021 WL 4439250, at *2 (3d Cir. Sept. 28, 2021) (finding abstention inappropriate where there has been no identified congressional policy against piecemeal litigation in the specific context of the case).

[44] *Golden Gate*, 629 F. App'x at 351; *Nationwide*, 571 F.3d at 308-09.

[45] 460 U.S. 1, 20-21 (1983) (emphasis in original).

[46] *Id.*

duplicative litigation,"[47] Respondent's argument that duplicative litigation must be avoided is unpersuasive to this Court. Accordingly, the third factor does not weigh in favor of abstention.

### c.  Factor Four

The next factor is the order in which jurisdiction was obtained, though the factor could more accurately be renamed as case progression. Indeed, as the Supreme Court of the United States has stated, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."[48]

The Virginia Action has seemingly progressed past a motion to dismiss for lack of jurisdiction, with the Virginia court finding jurisdiction, and has stalled at Petitioner's demurrer.[49] Respondent filed the Virginia Action about three months before Petitioner filed the instant action here, and there has been seemingly some amount of motion practice occurring on the merits regarding Petitioner's demurrer, even if a final decision has not yet been forthcoming.[50]

---

[47]  *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999).

[48]  *Moses H. Cone*, 460 U.S. at 21.

[49]  Doc. 15 at 7; Doc. 16 at 7.

[50]  *See Arlington County Circuit – Civil Division Case Documents Detail*, Virgina Courts Case Information, www.eapps.courts.state.va.us/CJISWeb/MainMenu.do (last visited Apr. 21, 2026).

At this point, only a jurisdictional inquiry has been decided in the Virginia Action. Moreover, discovery has seemingly not begun, as the demurrer remains pending.[51] Additionally, three months is not the kind of significant headstart that would weigh heavily in favor of abstention.[52] Accordingly, this favor weighs only mildly in favor of abstention.

### d.     Factors Five and Six

The next factors are controlling law and whether the state court will adequately protect the interests of the parties.[53] Inadequacy of the forum is a "one-way ratchet, serving only to weigh against abstention where a state court is incapable of protecting a party's interests."[54] Similarly, the controlling law factor will serve to weigh in favor of abstention where there are complex state-law issues which a state court would be better suited to decide.[55]

---

[51]   *Id.*; *cf Wells Fargo*, 337 F.Supp.2d at 685.

[52]   *Cf, e.g., BIL Mgmt. Corp. v. N.J. Econ. Dev. Auth.*, 310 F. App'x 490, 492-93 (3d Cir. 2008) (finding abstention appropriate where the state court had decided a motion for summary judgment and presided over "months of discovery"); *Swatt v. Hawbaker*, No. 22-2940, 2024 WL 361314, at *3 (3d Cir. Jan. 31, 2024) (noting this favor weighed in favor of abstention where litigation began a decade prior in state court); *Finjan LLC v. Trustwave Holdings, Inc.*, No. 20-371, 2021 WL 5051147, at *14 (D. Del. Oct. 29, 2021) (finding this factor weighed in favor of abstention where the state court claim was filed over two years ahead of an identical federal claim and where the state court had already made "multiple rulings" interpreting the agreement); *Peet v. Bd. of Supervisors of New Hanover Twp.*, No. 21-2696, 2021 WL 5040358, at *6 (E.D. Pa. Oct. 29, 2021) (finding this factor weighed in favor of abstention where the federal action was filed more than a year after the state action).

[53]   *Golden Gate*, 629 F. App'x at 350.

[54]   *Golden Gate*, 629 F. App'x at 352.

[55]   *Cottman Transmission Sys., Inc. v. Lehwald, Inc.*, 774 F. Supp. 919, 923 (E.D. Pa. 1991).

The parties are in agreement that both state and federal courts have concurrent jurisdiction to enforce arbitration awards under the FAA.[56]  Additionally, the only argument that Respondent advances for the inadequacy of the state forum is a dispute on personal jurisdiction grounds. The Virginia court has already disposed of that issue, and this Court declines to wade into jurisdictional questions for another forum. Finding no reason that the Virginia court would be inadequate to address the legal questions presented, nor any complicated matters of state law, both of these factors are neutral.

*     *     *

In sum, the balance of the *Colorado River* factors do not outweigh the heavy presumption in favor of exercising jurisdiction. "[M]indful of our duty to 'heavily weigh'" the factors "'in favor of the exercise of jurisdiction,'" I conclude that the "'exceptional circumstances' required to abstain under *Colorado River* are not present in this case."[57] Accordingly, I will deny Respondent's motion to stay the proceedings under *Colorado River*.

### 2.    *Landis* Stay

---

[56]   Doc. 15 at 13; Doc. 16 at 8.
[57]   *Golden Gate*, 629 F. App'x at 352 (quoting *Moses H. Cone*, 460 U.S. at 16, 19).

Respondent also requests a *Landis* stay. This request seeks to essentially circumvent *Colorado River* by reframing the issue under *Landis v. North American Co.*, which sets out a lesser burden. Courts may impose a *Landis* stay to control the disposition of their docket and caseload.[58] I do not find that a *Landis* stay would be appropriate where the governing law on abstention, namely the *Colorado River* analysis, has not been met.[59] Accordingly, I will deny Respondent's motion for a *Landis* stay.

### 3.      Local Rule Violation & Litigation Procedure

As the Court has denied Respondent's motion to stay the proceedings, Petitioner argues that the award should automatically be confirmed.[60] Neither party has submitted a brief in support of Petitioner's petition to confirm the arbitration award; curiously, each party then argues that the other's failure to do so requires judgment in their favor.[61]

The Court will decline to award automatic judgment in favor of either party without substantive briefing on the issue. The Court therefore instructs both parties

---

[58]   *Landis*, 299 U.S. at 254.

[59]   While the Third Circuit has not said so explicitly, the United States Court of Appeals for the Ninth Circuit has stated that "[a] docket management stay may not issue in favor of parallel state proceedings if the Colorado River factors do not support a stay." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 843 (9th Cir. 2023). I find this rationale persuasive and will apply it here. To do otherwise would be to rewrite the governing law on abstention and solidify a loophole to the *Colorado River* jurisprudence.

[60]   Doc. 15 at 15.

[61]   Doc. 15 at 15; Doc. At 13-14.

to submit briefing on the merits of Petitioner's motion, consistent with Local Rules 7.01 and 7.04-7.07. Petitioner's brief in support of the motion must be submitted within fourteen (14) days of the date of the accompanying Order. Respondent's brief in opposition must be submitted within fourteen (14) days from the date of service of Petitioner's brief in support. Petitioner may file a reply brief, should it care to do so, within fourteen (14) days after the date of service of the brief in opposition.

## III.    CONCLUSION

Respondent's motion to stay is **DENIED**. Litigation in this case shall proceed, and both parties are now instructed to submit substantive briefing on the merits issue consistent with Local Rules 7.01 and 7.04-7.07.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge